UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-61702-CIV-MIDDLEBROOKS/JOHNSON

BANK OF AMERICA, N.A.,

    Plaintiff,

vs.

M/V ORUMILA, Official No. 1181479,
a 2006 Wellcraft 352 Sport, her engines,
tackle, rigging, dinghies, equipment,
appurtenances, furniture, etc., *in rem*,

    Defendant.                            /

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Summary Judgment (DE 14) filed on February 12, 2007. Defendant failed to timely respond to this Motion. I issued an order to show cause on March 16, 2007 ordering anyone having a possessory or ownership interest in the Defendant vessel to show cause as to why Plaintiff's Motion should not be granted by default. To date no response has been filed. I have reviewed Plaintiff's Motion and the file in this matter.

Plaintiff moves for a default summary judgment to be entered. Plaintiff filed the Complaint in this matter on November 13, 2006. Defendant, nor anyone with a possessory or ownership interest in the Defendant vessel has appeared in this action. While there is no opposition to Plaintiff's Motion for Summary Judgment, I must still evaluate whether Plaintiff is entitled to summary judgment as requested. *See* FED. R. CIV. P. 56(e)(stating that "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party")(emphasis added). Accordingly, I turn to an analysis of whether Plaintiff is entitled to summary judgment.

Summary Judgment Standard

Summary judgment is appropriate only when there are no genuine issues of material fact and

the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *See Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *See Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *See Impossible Electronic Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)("[T]he dispute about a material fact is genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *See Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *See Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *See Anderson*, 477 U.S. at 255. It is from this point that I begin my analysis.

<u>Analysis</u>

Plaintiff is a bank which provided a mortgage for the purchase of Defendant vessel. Payments were never made on the mortgage and the bank later determined the buyer of the vessel, Raul Ponce, was not the actual buyer of the vessel, but instead had been the victim of identity theft. Plaintiff filed this action against the Defendant vessel in order to secure the its interest in the Defendant vessel. Defendant's Motion sets forth a concise statement of the facts and includes exhibits to support such facts. Motion at page 2. A party moving for summary judgment must include a concise statement of material facts to which it contends there is no genuine issue to be tried. S.D. FLA. L.R. 7.5.A. Where such facts are not controverted by an opposing party's statement, the Local Rules provide that the facts will be deemed admitted so long as they are supported by evidence in the record. S.D. FLA. L.R. 7.5.D. Attached to Plaintiff's Complaint is the Bill of Sale, the Retail Installment Sale Contract, Security Agreement, and Disclosure Statement, and the Ship Mortgage for the Defendant vessel. These documents support the fact that Defendant vessel was sold and Plaintiff bank provided the financing for the purchase. The Ship Mortgage provided that the Plaintiff bank may bring an action to foreclose the mortgage when the purchaser is in default. Defendant asserts that no payments were made on said mortgage. Defendant provides no business record to support the absence of a payment ever having been made. However, defense counsel included a verification with Plaintiff's Complaint and in it stated that the facts alleged in the Complaint were true and correct based on the best of his knowledge and were based on his review of Plaintiff's business records and his conversations with agents of Plaintiff. Plaintiff provided notice of this action by publication as required by the Supplemental Rules for Certain Admiralty and Maritime Actions of the Federal Rules of Civil Procedure. Plaintiff has already repossessed the Defendant vessel and no one has claimed any ownership or possessory interest in the Defendant vessel. These facts which are supported by the record in this case support the inference therefrom that no payment was made to Plaintiff. According to the mortgage, Plaintiff is entitled to foreclose on the vessel because no payment was received. Therefore, Plaintiff is entitled to possess the

vessel, along with cleared title. Having found the above facts supported by the record and not controverted, Plaintiff is entitled to summary judgment. Based on the foregoing, it is

ORDERED AND ADJUDGED that

(1) Plaintiff's Motion for Default Summary Judgment (DE 14) is GRANTED;

(2) Plaintiff, Bank of America, N.A., is the lawful owner of Defendant vessel, the M/Y Orumila, Official Number 1181479;

(3) The Defendant vessel shall be released from arrest by the United States Marshal's Service after all applicable fees and costs have been satisfied, and tendered to the Plaintiff;

(4) The vessel's abstract of title shall reflect Plaintiff is the lawful owner of Defendant vessel.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 17th day of April, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to:   counsel of record
             U.S. Marshal's Service

## IMPORTANT NOTICES

### CM/ECF PROCEDURES

**COURTESY COPIES: Notwithstanding the implementation of CM/ECF, all parties shall deliver a courtesy copy to the Intake Section of the Clerk'**s Office of all dispositive motions and/or motions EXCEEDING TWENTY-FIVE PAGES. This copy shall be bound and any Attachments and/or Appendices must be indexed with tabs.

**PROPOSED ORDERS: Counsel shall send a proposed order for ALL non-dispositive motions as well as proposed final judgments in WORDPERFECT FORMAT directly to** middlebrooks@flsd.uscourts.gov.  Please refer to the docket entry number on the proposed order. The Complete CM/ECF Administrative Procedures are available on the Court's Website at www.flsd.uscourts.gov

### ATTENTION: AMENDED SECURITY POLICY

**Pursuant to Administrative Order 2006-16, issued by the Chief Judge July 31, 2006:**
NO ONE SHALL BRING CELLULAR TELEPHONES INTO THE FEDERAL COURTHOUSE **EXCEPT**  attorneys permitted to practice law within the Southern District of Florida with a valid Florida Bar Association Bar Card Identification having business within the facility. Additionally, attorneys admitted pro hac vice shall be permitted to bring their cellular phones into the courthouse also.  (This applies to attorneys only and precludes staff, investigators, etc.)  **Cellular telephones with integrated cameras are now permitted into the Courthouse pursuant to the other provisions herein**. Other exceptions to this policy exist, please contact the United States Marshal's office for further information.